## Peoples Life Insurance Company v. Sickels

*Donald J. Snyder*, for plaintiff.
*John Blahovec,* for defendant Robert ˙Lewis Sickels.
*James R. Silvis*, for defendant Shirley Sickels.

SCHERER, *J.,* April 26, 1984—This matter ˙comes before the court upon plaintiff's bill of interpleader.

All parties have agreed to the following stipulation of facts:

Plaintiff Peoples Life Insurance Company is a corporation organized and existing under the laws of the District of Columbia which˙formerly had its headquarters at 601 New Hampshire Avenue, N.W., Washington, D.C., 20048 and which currently has its principle office located at 5010 Wisconsin Avenue, N.W., Suite 201, Washington, D.C., 21006.

Robert Lewis Sickels is an individual who is the trustee for Cynthia Lou Sickels, a minor, and is the executor of the estate of Lewis Wesley Sickels, alias dictus Lewis W. Sickels, alias dictus Lew Sickels, deceased, late of R.D. no. 1, Box 822, Greensburg, Pa., 15601.

Shirley Sickels is an individual residing at 189 Eastside Drive, Greensburg, Pa.

On December 17, 1973, a policy of life insurance on the life of Lewis W. Sickels, designated as policy no. 1346662, with an effective date of December 14, 1973, was issued providing for the basic benefit of $10,000 upon the death of the insured Lewis W. Sickels.

The policy was issued based upon an application dated December 5, 1973.

On April 11, 1980, the insured, Lewis W. Sickels, executed a form of the Peoples Life Insurance Company, Policy Service Department designated as Request for Change of Name or Beneficiary. By letter dated May 7, 1980, Harold D. Horne, Manager Policy Service of Peoples Life Insurance Company, wrote to Lewis W. Sickels and notified him that the company had changed the beneficiary as requested.

Lewis W. Sickels and Shirley Sickels were divorced by decree of the Court of Common Pleas of Westmoreland County on September 7, 1980.

On December 25, 1982, Lewis W. Sickels died as a result of a self-inflicted gunshot wound to the head, as indicated by the local registrar's certification of death as appearing in the Commonwealth of Pennsylvania Department of Health-Vital Records, no. 3395240, registered no. 186.

On January 10, 1983, Robert Lewis Sickels submitted a proof of death form.

Up until the time of Lewis W. Sickels' death, premiums for the life insurance policy were paid to

Peoples Life Insurance Company. Certain of the premiums for the life insurance policy were paid by check.

Subsequent to the death of the insured, inquiry was made on behalf of defendant Shirley Sickels as to her rights, if any, under the policy.

Paragraph 41 of the application for the aforesaid policy indicates that ownership of the policy was in Shirley Sickels, wife, so that the change of beneficiary executed by Lewis W. Sickels on April 11, 1980, may have been invalid.

Both defendants claim all or part of the proceeds of the aforesaid policy of $10,000, Robert L. Sickels by virture of the change in beneficiary and Shirley Sickels by virtue of the ownership provision of the policy.

Defendants oppose the interpleader. Defendant Robert Lewis Sickels, trustee for Cynthia Lou Sickels, argues that plaintiff was negligent toward decedent in advising him concerning the effect of changing a beneficiary without regard to the terms of the policy, namely paragraph 41 wherein the then-wife of decedent was named as owner. Trustee also charges that plaintiff breached its fiduciary duty to the purchaser of its policy, decedent, by failing to exercise reasonable care to process decedent's request for a change of beneficiary. The resulting harm Robert Lewis Sickels alleges is that the insurance proceeds may not now be paid to the designated beneficiary, even though a change of beneficiary was made and confirmed by plaintiff. Trustee further alleges that decedent reasonably relied on the representation of plaintiff's agent in not taking any further action in his divorce case to resolve the ownership of the life insurance policy. Trustee urges the court to disallow the interpleader on the theory that plaintiff would be permitted to es-

cape the consequences of negligence by being permitted to pay only one sum of $10,000, forcing defendants to settle the matter between themselves. Trustee posits that it is entirely possible that plaintiff may in fact be liable to both defendants and that plaintiff will be unjustly enriched in the amount of $10,000 regardless of which defendant receives the proceeds of the policy. Trustee also argues that plaintiff is not entitled to equitable relief since plaintiff has unclean hands.

Defendant, Shirley Sickels, argues that pursuant to paragraph 41 of the application for insurance, she is the rightful owner of the policy.

Shirley Sickels also argues that plaintiff may have multiple liability under the policy of insurance to both defendants and that plaintiff should be held accountable for any wrongful or negligent acts on its part and should not be permitted to escape liability through the payment of the policy into court.

In order for us to reach the initial question of whether or not the matter may be interpleaded, it is necessary to determine whether plaintiff insurer, by its actions, has exposed itself to liability beyond the face value of the policy, $10,000.

Defendants' argument that failure on the part of the insurer to question whether or not decedent had ownership of the policy with regard to the change of the beneficiary exposes the insurer to a "double indemnity" is fatuous. The central question is who owns the policy.

Page two of the policy at paragraph 5 reads as follows:

"Ownership and control — Except as may be provided elsewhere in this policy or in any amendments hereof, (1) this policy shall be owned by the insured, if living, otherwise by each dependent child to the extent of his or her interest herein, and

(2) all rights, privileges, options and benefits granted by this policy are vested in the owner and may be exercised without the consent and to the exclusion of any revocable beneficiary or ·any other person, subject, however, to any assignment on record at the Home Office; provided, however, that any amount of insurance payable because of the death of a person insured hereuder shall be paid to the beneficiary for such insurance."

The face sheet of the policy indicates that the policy became operative ·on December 14, 1973. Prior to the issuance of the policy, the record reveals an application for insurance dated December 5, 1973. Question 41 of the application entitled Ownership indicates as follows: Shirley Sickels — wife.

The legislature seems to have anticipated the problem encountered in this matter. The Insurance Department Act, 1921, May 17, P.L. 789, Article IV §410; 1935, July 15, P.L. 1020, §1; 1937, June 4, P.L. 1634 §1; 1945, May 1, P.L. 334, §1; 1951 July 19, P.L. 1109, §9, provides as follows:

"No policy of life or endowment insurance, except policies of industrial insurance where the premiums are payable monthly or oftener, shall hereafter be delivered in this Commonwealth unless it contains, in substance, the following provisions or provisions which, in the opinion of the Insurance commissioner, are more favorable to the policyholder:

"(d) A provision that the policy shall constitute the entire contract between the parties; but if the company desires to make the application a part of the contract, it may do so, provided a copy of such application shall be endorsed upon or attached to the policy when issued, and in such case the policy shall contain a provision that the policy and the application therefore shall constitute the entire contract between the parties." 40 P.S. §510(d).

Finally, §512(a), added in 1937, provides:

"All statements made by the applicant for an annuity or pure endowment contract, or statements made by the insured or in his behalf in the negotiation for a policy or certificate of life, endowment, accident or health insurance, or any reinstatement thereof issued by any insurance company, association, fraternal benefit society, beneficial society or exchange doing business in this Commonwealth, shall be deemed, in the absence of fraud, to be representations and not warranties." May 21, 1937, P.L. 774, §1 40 P.S. §512(a).

From the foregoing statutory mandates, we are compelled to conclude that the insurance contract in the instant matter is composed of, in its entirety, policy no. 1346662 issued on December 17, 1973, together with the application of insurance contained therein and dated December 5, 1973.

A reasonable reading of the policy in the posture just described indicates that our legislature intended the policy to be interpreted that the insured had vested his insurable interest in Shirley Sickels, then his wife. It follows, then, that any effort on the part of the insured to change the beneficiary was not within his power since the insured was not the owner of the policy.

This view is confirmed by a reading of paragraph 1 of the policy:

"1. The Contract — This Policy and the application therefore, a copy of which is attached hereto and made a part hereof, constitute the entire contract between the parties. All statements made by the Insured and in his behalf shall, in the absence of fraud, be deemed representations and not warranties, . . ."

Turning to the change of beneficiary form, appearing as Exhibit "B" in the stipulation, the following representation appears:

"The undersigned states and agrees that: (1) he (she) has the right to request the above change; (2) the interest of any beneficiary shall be subject to any interest created by an assignment filed with the Company's Home Office; (3) if this Policy contains a provision that it be submitted for endorsement of the requested change, said provision is waived; and (4) the provisions on the reverse side hereof are a part of this request."

Decedent clearly vested ownership in Shirley Sickels and took no subsequent valid action to divest her of ownership. Changing beneficiaries without her consent accomplished a nullity.

Defendants in this action seek to make the argument that under the terms of the policy each is entitled by estoppel to the basic benefit of $10,000. An examination of the face of the policy clearly indicated the basic benefit sum. A careful examination of the terms of the contract do not yield any interpretation, either on the theory of estoppel or within the parameters of the contract, that the parties are entitled to a double recovery. There is no basis at law to support the suggestion that the divorce of Shirley Sickels from decedent is a bar to continuation as owner of the policy.

The court will issue the following

## DECREE

And now, this April 26, 1984, plaintiff's bill of interpleader is granted in conformity with the foregoing opinion. It is further ordered that plaintiff by depositing into court the sum of $10,000 is fully and completely and forever discharged of all of its liabil-

ity under and with respect to the aforesaid life insurance policy. Defendants are restrained from commencing any action in any court against plaintiff on account of the life insurance or plaintiff's failure to deliver the benefits under the said policy to defendants or either of them. The interpleaded sum is to be awarded to defendant, Shirley Sickels.

Petition for attorney's fees in the matter of the interpleader is denied.